

FILED
Jun 13, 2018
03:20 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

**TENNESSEE BUREAU OF WORKERS' COMPENSATION**
**WORKERS' COMPENSATION APPEALS BOARD**

| | | |
|---|---|---|
| William Simpson | ) | Docket No.  2017-08-0805 |
| | ) | |
| v. | ) | State File No. 46115-2017 |
| | ) | |
| City Auto, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Deana Seymour, Judge | ) | |

---

**Affirmed and Remanded – Filed June 13, 2018**

---

In this interlocutory appeal, the employee alleged he passed out at work due to excessive heat, fell, and struck the concrete floor.  The employer argued the employee's syncopal episode was caused by an unrelated medical condition, the accident was idiopathic, and the claim was not compensable.  The trial court determined the employee had come forward with sufficient evidence to indicate a likelihood of prevailing at trial on the issue of compensability and awarded medical and temporary disability benefits.  In addition, the trial court denied the employee's request for attorneys' fees.  Both parties appealed. We affirm the trial court's decision and remand the case.

Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Presiding Judge Marshall L. Davidson, III, and Judge David F. Hensley joined.

Monica Rejaei, Memphis, Tennessee, for the employee-appellant/appellee, William Simpson

Gordon C. Aulgur, Lansing, Michigan, for the employer-appellee/appellant, City Auto, LLC

**Factual and Procedural Background**

William Simpson ("Employee"), a 59-year-old resident of Shelby County, Tennessee, worked for City Auto, LLC ("Employer"), as an automobile technician. Employer had two shops on its premises and, on June 20, 2017, Employee was working alone in what the parties referred to as the "second shop."  Both parties agreed that the interiors of the shops become extremely hot on summer days.  Although the shops were

1

not air-conditioned, Employer provided industrial fans to help circulate air, as well as ice-cold water, Gatorade, ice-cold towels, and popsicles. Employee estimated that, even with the fans operating, it was between 115 and 120 degrees inside the shop on a hot day.

On this particular date, Employee had been working alone in the second shop when he started to feel hot. He sat down, drank some water, and put a wet towel around his head. Because he continued to feel bad, he decided to walk to the other shop and report to his supervisor that he was not feeling well. With respect to this point, the testimony of the parties differed. Employer's witnesses testified Employee came into the main shop and began to discuss a problem with the lift that was used in the second shop to repair vehicles. The service advisor to whom Employee spoke when he entered the main shop, Stephanie Oakes, denied Employee made any comments about feeling hot or experiencing other heat-related symptoms.[1] Nevertheless, both Employee and Ms. Oakes testified that during this conversation, Employee started to have difficulty speaking, turned pale, and then stumbled backwards. Ms. Oakes stated that Employee "zoned out in a way, kind of like hazy eyes . . . and then just fell backwards." When he fell back, his head struck the concrete floor, and he remained unconscious for an unknown period of time.[2]

Employer called 911, and paramedics arrived at the scene. After regaining consciousness, Employee told the paramedics he did not recall the fall and stated he did not want to be taken to a hospital. Ms. Oakes testified Employee was "pretty disoriented" after the fall, and a co-worker took a photograph of the back of Employee's head to show him where he was bleeding. Various co-workers encouraged Employee to go to a hospital but, ultimately, at Employee's request, Employer's shuttle driver drove him home.

Employee testified he insisted on going home first because he did not want to worry his wife. When he arrived home, his wife immediately transported him to a local hospital where he was admitted. Employee testified he remained in "neurology ICU" for "18 to 20 days."[3] He was diagnosed with a traumatic head injury and has been treated primarily by Dr. Ahmad Al-Hamda, a neurologist. Employer denied Employee's claim for workers' compensation benefits, asserting Employee's injuries were idiopathic in nature and not compensable.

---

[1] Employee described Ms. Oakes as his "boss," but Ms. Oakes testified that, as a service advisor, she discusses service repair tickets with the technicians but has no supervisory responsibilities over the technicians.

[2] Medical records from Baptist Hospital ("Baptist") indicate Employee suffered a "traumatic subdural hemorrhage with loss of consciousness of 30 minutes or less." He was also diagnosed with "hypertensive heart disease with heart failure" and "anxiety disorder." Another provider at Baptist noted Employee "had syncopal episode[,] hit head[,] and had roughly 2 min [loss of consciousness]." In that same report, "occupational exposure" was listed as a risk factor.

[3] Medical records from Baptist indicate that 7 days of his 18-day hospital stay were spent in ICU.

2

At the expedited hearing, Employee stated he continued to experience difficulty speaking, could not focus on tasks, and had memory problems. He claimed he cannot drive, cannot return to work, and will be forced to retire. In addition, Employee denied any history of strokes, seizures, or prior head trauma.

Following the expedited hearing, the trial court determined Employee had come forward with sufficient evidence to indicate he would likely prevail at trial on the issue of compensability, and it ordered Employer to provide both medical and temporary total disability benefits. The trial court also denied Employee's interlocutory request for attorney's fees. Both parties have appealed.

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2017). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2017).

**Analysis**

At an expedited hearing, an employee need not prove each and every element of his or her claim by a preponderance of the evidence in order to obtain temporary disability benefits or medical benefits. *See McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Instead, an employee has the burden to come forward with sufficient evidence from which the trial court can determine that the employee is likely to prevail at a hearing on the merits consistent with Tennessee Code Annotated section 50-6-239(d)(1). *Id.* Thus, while an injured worker retains the burden of proof at all stages of a workers' compensation claim, a trial court can grant relief at an expedited hearing if the court is satisfied that the employee has met the burden of showing he or she is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1).

3

On the other hand, "this lesser evidentiary standard . . . does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at * 6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). On appeal, it is our responsibility to conduct an in-depth examination of the trial court's factual findings and conclusions, *see Wilhelm v. Krogers*, 235 S.W.3d 122, 126 (Tenn. 2007), within the mandate set out in Tennessee Code Annotated sections 50-6-217(a)(3) (2017) and 50-6-239(c)(7).

*Idiopathic Fall*

In its notice of appeal, Employer asserts the trial court erred in determining Employee's injuries were not caused by an idiopathic fall. This is a misstatement of the trial court's rationale. Instead of concluding Employee's injuries were not caused by an idiopathic fall, the trial court determined that, even if Employee's fall was caused by an idiopathic condition, his injuries are compensable "if an employment hazard causes or exacerbates the injury." *McCaffery v. Cardinal Logistics*, No. 2015-08-0218, 2015 TN Wrk. Comp. App. Bd. LEXIS 50, at *10 (Tenn. Workers' Comp. App. Bd. Dec. 10, 2015) (internal citation and quotations marks omitted). The trial court then noted three factors supporting its determination regarding medical causation. First, Employee testified without contradiction he was working in a hot, humid, and dusty shop when he began to feel ill. Second, the trial court relied on Dr. Al-Hamda's opinion that Employee's syncopal episode was causally related to his hot work environment. Third, the trial court noted no other medical proof had been offered suggesting any other cause of Employee's syncopal episode.

We addressed a similar argument in *Frye v. Vincent Printing Co.*, No. 2016-06-0327, 2016 TN Wrk. Comp. App. Bd. LEXIS 34 (Tenn. Workers' Comp. App. Bd. Aug. 2, 2016). In that case, the employee alleged she became dizzy due to exposure to a workplace chemical, resulting in a fall. *Id.* at *2-3. In response to the employer's argument that the employee's fall was idiopathic in nature and not compensable, we noted, "an accidental injury arises out of employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury." *Id.* at *13-14 (quoting *Phillips v. A&H Constr. Co.*, 134 S.W.3d 145, 151 (Tenn. 2004)). With that principle in mind, we affirmed the trial court's interlocutory award of benefits. *Id.* at *14-15.

In the present case, Employee's unrefuted testimony was that he was working in a hot, humid, and dusty environment when he began to feel ill. Within five minutes of walking to the main shop, he began to stumble over his speech, became pale, and fell backwards, striking his head on the concrete floor. Moreover, in response to an inquiry

4

from Employee's counsel, Dr. Al-Hamda agreed that Employee's dizziness and subsequent loss of consciousness were "a direct result of working in heated temperatures" and that the working conditions "contributed more than fifty percent (50%) in causing his injuries, considering all causes." Dr. Al-Hamda also wrote a letter stating Employee had suffered a "traumatic brain injury from heat stroke," and that Employee had been unable to work since the date of the incident. Employer offered no evidence of a pre-existing medical condition that could cause dizziness or a loss of consciousness, and offered no medical opinion contradicting Dr. Al-Hamda's opinions. Under these circumstances, we conclude the preponderance of the evidence supports the trial court's determination that Employee is likely to prevail at trial in establishing the compensability of his claim.

*Denial of Attorneys' Fees*

Employee has appealed the trial court's denial of his interlocutory request for attorneys' fees, asserting the trial court erred in determining this case does not fall within the "extremely limited circumstances" supporting such an award. *See Thompson v. Comcast Corp.*, No. 2017-05-0639, 2018 TN Wrk. Comp. App. Bd. LEXIS 1, at *31 (Tenn. Workers' Comp. App. Bd. Jan. 30, 2018). In support of his argument, Employee asserts that an interlocutory award of attorneys' fees is justified because Employer: (1) reached its own medical conclusion that Employee's injuries were due to an idiopathic condition without obtaining an expert opinion; (2) continued its denial of the claim even after receiving Dr. Al-Hamda's responses to Employee's causation inquiry; and (3) failed to seek an expert medical opinion contradicting the opinions offered by Dr. Al-Hamda. Moreover, Employee offers two policy arguments supporting its claim for attorneys' fees. First, Employee asserts a ruling in favor of awarding attorneys' fees at an interlocutory stage of the case would "discourage employers from blanket denying claims absent [a] legitimate basis." Second, Employee argues such an award would "show counsel that represent injured workers in Tennessee that they can be compensated for their zealous advocacy."

In *Andrews v. Yates Services, LLC*, No. 2016-05-0854, 2018 TN Wrk. Comp. App. Bd. LEXIS 22 (Tenn. Workers' Comp. App. Bd. May 8, 2018), we addressed an interlocutory request for attorneys' fees.[4] *Id.* at *5. In affirming the trial court's decision to deny the employee's request for attorneys' fees and expenses based on an alleged wrongful denial of a claim, we first noted that the statute "vests the trial court with discretion to award or not to award attorneys' fees and expenses" and that "we will review any such decision under an abuse of discretion standard."[5] *Id.* at *12. Second, we

---

[4] This was the second appeal in that case. *See also Andrews v. Yates Services, LLC*, No. 2016-05-0854, 2017 TN Wrk. Comp. App. Bd. LEXIS 35 (Tenn. Workers' Comp. App. Bd. May 23, 2017).

[5] As explained by the Tennessee Supreme Court, "[a]n abuse of discretion occurs when a court strays beyond the applicable legal standards or when it fails to properly consider the factors customarily used to guide the particular discretionary decision." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 524 (Tenn. 2010).

emphasized that a trial court could consider whether the employer's decision to deny a claim was "incorrect, erroneous, or otherwise inconsistent with the law or facts at the time the decision was made." *Id.* at *13. Third, we noted that, "in evaluating an employee's claim for attorneys' fees and expenses, a trial court may consider not only information reasonably available to an employer at the time the denial decision was made, but also pertinent, additional information or subsequent events that bear on the denial decision." *Id.* at *13 n.5.

In the present case, the trial court quoted our opinion in *Thompson* for the proposition that an interlocutory award of attorneys' fees and expenses should be made only in "extremely limited circumstances" due to the "uncertainties inherent in litigation, the limited issues typically addressed at expedited hearings, the fact that discovery and medical proof often are incomplete at an interlocutory stage of a case, . . . and the fact that a trial judge's determinations at an interlocutory hearing are subject to change at any time prior to the entry of a final compensation order." *See Thompson*, 2018 TN Wrk. Comp. App. Bd. LEXIS 1, at *28-29. The trial court then determined that "this case does not fall within 'extremely limited circumstances' to justify an award of attorneys' fees at this interlocutory stage."

Employer argues that the causation inquiry Employee's counsel sent to Dr. Al-Hamda was incomplete or misleading. Employer also asserts that the medical records submitted to date revealed no evidence of "heat stroke" or other heat-related maladies that caused Employee's syncopal episode. Next, Employer argues that Employee failed to establish any "special hazard of employment" that caused or contributed to his injury, because he suffered a syncopal episode of unknown cause, fell straight back, and struck nothing during his fall other than the floor. Under the circumstances, we cannot conclude the trial court abused its discretion in denying Employee's interlocutory request for attorneys' fees.[6]

## Conclusion

We conclude the trial court did not err in awarding temporary disability and medical benefits based on its determination that Employee is likely to prevail at trial in establishing the compensability of his claim. We also conclude the trial court did not abuse its discretion in denying Employee's interlocutory request for attorneys' fees. The trial court's order is affirmed in its entirety, and the case is remanded to the trial court for further proceedings.

---

[6] With respect to Employee's policy arguments, we note that nothing prohibits Employee from re-asserting a claim for attorneys' fees and expenses at the final compensation hearing.

6



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| William Simpson | ) | Docket No. 2017-08-0805 |
| | ) | |
| v. | ) | State File No. 46115-2017 |
| | ) | |
| City Auto, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Deana Seymour, Judge | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 13th day of June, 2018.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Sent to: |
|---|---|---|---|---|---|---|
| Monica Rejaei | | | | | X | mrejaei@nstlaw.com |
| Gordon Aulgur | | | | | X | gordon.aulgur@accidentfund.com |
| Deana Seymour, Judge | | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: WCAppeals.Clerk@tn.gov